Shields, Justice, delivered the opinion of the court: At the September term of the Pike circuit court, 1842, the plaintiff in error was tried and convicted for passing a counterfeit bank note. The record shows that a motion to quash the indictment, and a' motion in arrest of judgment were both overruled by the court; and the decision of the court in overruling these motions is assigned here for error. That portion of the indictment to which this objection refers reads as follows: “that James H. Swain, on etc., at etc., did feloniously pass a certain counterfeited bank note; the tenor of which counterfeited bank note- is as follows, to wit: (giving a cop3r of the note) with intent to defraud Jacob C. McGlasson,” etc. The objections relied on are the following: first, that the indictment does not show to whom the bank note was passed ; secondly, that upon the facts stated therein, it is impossible that any fraud could have been committed upon McGlasson. In both these respects we consider the indictment good. It is in strict conformity with the English precedents, and as no case can be found in which this objection has been sustained, the inference is irresistible, that these points are too well settled and established, to be ever mooted in the English courts. This view is confirmed by reference to The King v. Jones, alias Thorowdood, Douglas 302, where one of the counts in the indictment was precisely similar, but this objection was not noticed either by the counsel or the court. There is nothing in the criminal code of this state, which changes the nature, character, or description of the offence, in any essential particular, from that known in the statutes of [*179] England; and, consequently, nothing to warrant this court in requiring any averments in the indictment which are not required by the precedents. Indeed, it would be at war with the spirit both of our legislation and jurisprudence to insist upon the observance of greater technical strictness and formal particularity in this court than are insisted upon at this day in the courts of England. The nature of the offence, as set forth in this indictment, cannot be misunderstood by the jury, and this is all our law requires. The indictment is deemed sufficient, and the judgment of the court below is affirmed. Judgment affirmed.